CARQUEST of HOT SPRINGS, INC. and Sam R. Clark, Jr. *v.* GENERAL PARTS, INC.

06–16                               238 S.W.3d 916

Supreme Court of Arkansas
Opinion delivered September 14, 2006

David A. Hodges, for appellants.

Gill Elrod Ragon Owen & Sherman, P.A., by: Roger H. Fitzgibbon, Jr., for appellee.

ROBERT L. BROWN, Justice. Appellants Carquest of Hot Springs, Inc., and Sam R. Clark (hereinafter jointly referred to as "Carquest") appeal from an order of the circuit court denying a motion for class certification. Carquest urges, as one of its points, that the circuit court erred in concluding that it had no subject-matter jurisdiction over the class's claim for relief and that the claim was not common to the class. We agree with Carquest and reverse and remand this case for further proceedings.

A detailed description of the facts of this case is included in the prior appeal in this matter. See Carquest of Hot Springs, Inc. v. Gen. Parts, Inc., 361 Ark. 25, 204 S.W.3d 53 (2005) ("Carquest I").

Suffice it to say that this case began when General Parts, Inc. ("GPI") filed a replevin action against Carquest on December 6, 1999. Among other allegations, GPI asserted that Carquest owed GPI for certain products sold to and delivered to Carquest by GPI, including a computer system. GPI filed its complaint after Carquest stopped payment on a $24,000 check for the payment of items purchased from GPI. Carquest responded to the complaint on January 25, 2000, by filing an answer and counterclaim. In its counterclaim, it asserted wrongful termination of contract, breach of the implied duty of good faith and fair dealing, and violation of the Arkansas Franchise Practices Act. On January 8, 2004, Carquest filed an amendment to its counterclaim and also a motion to proceed as a class action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure. GPI responded by filing a motion for more definite statement in which it claimed that Carquest had been too vague in its allegations regarding the class action and had failed to specify, among other things, the actions that GPI allegedly committed that constituted the harm suffered by the class.

Following the circuit court's order granting GPI's motion for a more definite statement, Carquest filed a second amendment to counterclaim and motion to proceed as a class action on February 10, 2004, in which it alleged for the first time that GPI had engaged in an illegal tying arrangement. Carquest described the tying arrangement as a requirement by GPI that Carquest and other members of the class purchase computer hardware from GPI and software from Cooperative Computing, Inc. at a price that was higher than Carquest could have paid elsewhere.[1]

GPI filed a motion to dismiss claims contained in Carquest's second amendment to counterclaim and motion to proceed as a class action and argued that the illegal tying arrangement referred to by Carquest was governed solely by the Sherman Anti-Trust Act, 15 U.S.C. § 1 *et seq.*, which has a statute of limitations of four years. On April 29, 2004, the circuit judge granted GPI's motion to dismiss. In doing so, the court ruled that jurisdiction for violations of the Sherman Anti-Trust Act lay solely in federal district court. It also concluded that any illegal tying-arrangement claim was barred by the statute of limitations contained in the Sherman Anti-Trust Act. Regarding state causes of action for tying

---

[1] In its original counterclaim, filed on January 25, 2000, Carquest actually declared that it "was *not required* to purchase the computer [from GPI]" in order to continue doing business under its agreement with GPI. (Emphasis added.)

arrangements, the court determined that no state law existed that prohibited illegal tying arrangements or gave rise to a cause of action related to such arrangements. Carquest appealed the circuit court's April 29, 2004 order, and this court held that the circuit court's order was not a final, appealable order and dismissed the appeal. *See Carquest I, supra.*

On October 12, 2005, the circuit court entered a second order denying Carquest's motion to proceed as a class. The court found that the sole underlying claim that Carquest contended was common to the putative class was actually a violation of the Sherman Anti-Trust Act. As such, the court found that it was without subject-matter jurisdiction over the underlying federal claim and further held that it did not have jurisdiction over the claim based on pendant state-law claims because Carquest's state-law claims were not common to the putative class. Carquest filed a notice of appeal in which it appealed from the two circuit court orders dated October 12, 2005, and April 29, 2004.

Though Carquest mounts several arguments for reversal premised on the 2004 order of the circuit court, we reverse on the basis that the court erred in denying class certification in the 2005 order. Before considering the motion to certify the class pursuant to Rule 23, however, we will address whether the circuit court had subject-matter jurisdiction to hear this matter. *Cf., Speights v. Stewart Title Guar. Co., Inc.*, 358 Ark. 59, 186 S.W.3d 715 (2004) (supplemental opinion denying rehearing) (*per curiam*) (consideration by the court of a Rule 12(b)(6) motion to dismiss is proper prior to consideration of class certification under Rule 23). The circuit court said it did not. We disagree.

Specifically, the circuit court found in its 2005 order that it did not have subject-matter jurisdiction over claims based on violations of the Sherman Anti-Trust Act. The court added that it also did not have jurisdiction over "pendant state-law claims." It is somewhat vague as to whether the reference to "pendant state-law claims" is to illegal tying arrangements under state law or to the other claims raised by Carquest in its counterclaim. Regardless, GPI contends that the circuit court has no reason to consider the procedural factors related to the class certification under Rule 23 because the court had no subject-matter jurisdiction over any claim dealing with illegal tying arrangements. GPI reasons that because there was no state cause of action that could serve as the basis for the class certification and because the Sherman Anti-Trust Act grants the federal courts exclusive jurisdiction over claims

related to tying arrangements, the circuit court was without jurisdiction to consider a tying-arrangement claim.

The circuit court agreed with GPI's argument. The court made its finding that jurisdiction over illegal tying arrangements rests exclusively in federal court but failed to consider the fact that such arrangements may fall within the purview of the Arkansas Unfair Practices Act, Ark. Code Ann. § 4-75-201 – 4-75-217 (Repl. 2001 and Supp. 2005) ("AUPA"), as argued in Carquest's supplemental brief in response to GPI's motion to dismiss. Indeed, other state courts have made it clear that proscription against illegal tying may fall under their state statutes and that federal jurisdiction is not exclusive. *See, e.g., Miller's Pond Co., LLC v. City of New London*, 873 A.2d 965 (Conn. 2005) (stating that illegal tying arrangements are prohibited under a Connecticut state statute restricting the restraint of trade); *Health Consultants v. Precision Instruments, Inc.*, 527 N.W.2d 596 (Neb. 1995) (stating that the Nebraska Unlawful Restraint of Trade Act encompasses the prohibition of tying arrangements); *Clough v. Adventist Health Sys.*, 780 P.2d 627 (N.M. 1989) (acknowledging that the New Mexico state antitrust law applies to illegal tying arrangements); *Golden W. Insulation, Inc. v. Stardust Inv. Corp.*, 615 P.2d 1048 (Or. App. 1980) (stating that illegal tying arrangements are prohibited under the Oregon Antitrust Law). The United States Supreme Court has also recognized that federal antitrust laws do not preempt similar state laws. *See California v. ARC America Corp.*, 490 U.S. 93, 102 (1989) (stating that "Congress intended the federal antitrust laws to supplement, not displace, state antitrust remedies").

Carquest urges that our state statutes including the AUPA, *supra*, the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-201 – 4-88-607 (Repl. 2001 and Supp. 2005), and the Arkansas Franchise Practices Act, Ark. Code Ann. §§ 4-72-201 – 4-72-210 (Repl. 2001 and Supp. 2005), as well as the common-law requirement of good faith and fair dealing may accommodate tying arrangements under their proscription umbrellas. While that is a matter yet to be resolved, what is clear from our review is that jurisdiction over such claims does not rest exclusively in federal court.

But in addition to finding that it lacked subject-matter jurisdiction over tying-arrangement claims, the circuit court goes further in its 2005 order and finds that an illegal tying arrangement cannot be a common liability claim for class-certification purposes

under state law because it can only be raised under the Sherman Anti-Trust Act. In making this finding, Carquest contends that the circuit court delved into the merits of its claim, which is impermissible at the class-certification stage. We agree.

Under Rule 2(a)(9) of the Arkansas Rules of Appellate Procedure – Civil (2006), this court has jurisdiction of appeals regarding class certifications. Our standard of review is as follows:

> We begin by noting that it is well settled that this court will not reverse a circuit court's ruling on a class certification absent an abuse of discretion. *See, e.g., Arkansas Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002). In reviewing a lower court's class certification order, "this court focuses on the evidence in the record to determine whether it supports the trial court's conclusion regarding certification." *Arkansas Blue Cross & Blue Shield*, 349 Ark. at 279, 78 S.W.3d at 64. We have held that "neither the trial court nor the appellate court may delve into the merits of the underlying claim in determining whether the elements of Rule 23 have been satisfied." *Id*. Our court has said on this point that "*a trial court may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action*." *Id*. We, thus, view the propriety of a class action as a procedural question. *See id*.

*Van Buren School Dist. v. Jones*, 365 Ark. 610, 613, 232 S.W.3d 444, 447 (2006) (emphasis added).

In determining whether a case may proceed as a class action, a circuit court is required to conduct an analysis of the elements included in Rule 23:

> (a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other

available methods for the fair and efficient adjudication of the controversy. . . .

Ark. R. Civ. P. 23(a)-(b) (2005).

In deciding whether Carquest's counterclaim could proceed as a class action, the circuit court was required only to consider whether the elements of Rule 23 had been satisfied. As reflected in its order, the circuit court determined that the class could not be certified because the commonality requirement was not satisfied. The court said in its 2005 order that "the sole underlying claim that [Carquest] contend[s] is common to the putative class, is a violation of the Sherman Anti-Trust Act, 15 U.S.C. § 1 *et seq.*, specifically allegations of illegal tying on the part of [GPI]." This federal claim, according to the court, could not qualify as a common question of law for a state class action because jurisdiction over such matters, as already discussed, rested in federal court.

It is clear, however, that Carquest did expressly argue a state claim to the circuit court based on the AUPA in connection with the alleged illegal-tying arrangement. Because of this, in making the decision that the only common claim alleged by Carquest with regard to an illegal-tying arrangement was a claim under the Sherman Anti-Trust Act, the circuit court apparently decided that Carquest could not raise a state claim under the AUPA. Although the circuit court did not provide an explanation for its ruling, the fact that it discarded Carquest's AUPA claim in its order amounts to a ruling that the state claim could not prevail. That ruling constitutes an impermissible consideration of the merits of Carquest's state claim, which this court has steadfastly held is inappropriate at the class-certification stage. *See, e.g., Van Buren Sch. Dist., supra; Nat'l Cash, Inc. v. Loveless,* 361 Ark. 112, 205 S.W.3d 127 (2005); *Speights, supra.*

Moreover, to the extent that the circuit court may have also considered GPI defenses to class claims, such as the statute of limitations under the Sherman Anti-Trust Act, it also made a ruling on the merits of the case. *See, e.g., BNL Equity Corp. v. Pearson,* 340 Ark. 351, 363, 10 S.W.3d 838, 845 (2000) (holding that "any analysis of the limitations defense at the class-certification stage is a merits determination, and, therefore, inappropriate").

Accordingly, we hold that a liability issue common to the class has been alleged, and we remand this case to the circuit court for further proceedings related to Carquest's motion for class certification.

Reversed and remanded.

DICKEY, J., not participating.