2012 Ark. 8

### Al FAIGIN and N.G. Faigin, James Bodge [Intervenor], Appellants

v.

### DIAMANTE, a Private Membership Golf Club, LLC, Appellee.

No. 11–691.

Supreme Court of Arkansas.

Jan. 12, 2012.

Catlett Law Firm, PLC, by: H. Bradley Walker and Paul Charton, Little Rock, for appellants.

McMillan McCorkle, Curry & Bennington, LLP, by: Philip McCorkle, Arkadelphia, for appellee.

KAREN R. BAKER, Justice.

Appellants Al Faigin, N.G. Faigin, and James Bodge bring this interlocutory appeal from an order of the Saline County Circuit Court denying class certification pursuant to Arkansas Rule of Civil Procedure 23. We have jurisdiction pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(9) (2011). *See also THE/FRE, Inc. v. Martin,* 349 Ark. 507, 78 S.W.3d 723 (2002). Appellants argue that the circuit court erred in denying class certification by (1) looking to the merits of the defense; (2) sua sponte deeming class counsel inadequate and using that inadequacy as a basis to deny the class; (3) redefining the proposed class in a way that denied its numerosity; (4) redefining the proposed class in a way that denied its commonality; (5) redefining the proposed class in a way that denied its predominance and superiority; and (6) redefining the proposed subclass in a way that ignores the damage done to the property of the subclass and failing to permit intervention and certification of the subclass. We affirm.

The Faigins own a lot in the Diamante Subdivision of Hot Springs Village, Arkansas. Their lot is subject to the supplemental declaration of covenants and restrictions filed in connection with the property requiring the Faigins to become full golf-club members in appellee Diamante, a private-membership golf club, and to pay monthly membership dues to Diamante. In accordance with the supplemental declaration, Diamante is entitled to a lien on the lot for any unpaid monthly dues together with late charges and interest, and Diamante may foreclose upon the lien.

Diamante asserted a lien on the lot owned by the Faigins on October 14, 2010, for failure to pay the dues, and thereafter filed a complaint in foreclosure on the lot on November 16, 2010, in the circuit court of Saline County, Arkansas. Diamante averred that the Faigins owed $3,341.91 and that their failure to pay the dues constituted a breach of contract. In their answer, the Faigins denied owing the debt

and asserted that their obligation to pay dues should be excused due to a material breach by appellee. Specifically, they alleged that Diamante had materially breached the supplemental declaration because certain memberships are deferred and the owners were not currently paying dues. The Faigins requested that the circuit court declare the lien filed against their property void, prohibit Diamante from collecting dues from them, and declare the supplemental declaration unenforceable.

The Faigins filed a motion for class certification and the appointment of class counsel on January 5, 2011, so that they could be sued as representative parties on behalf of all lot owners in the Diamante and Diamante Villas subdivisions in Hot Springs Village, Arkansas. They asserted that the plan of development for the lots as set forth in the supplemental declaration did not permit amendment of the requirement to pay monthly dues and that Diamante's failure to collect from all lots owners constituted a breach of contract. They sought exclusion of Diamante, Cooper Land Development, and deferred lot owners so that they could raise the defenses in their answer on behalf of all lot owners. The Faigins also wanted to be sued and to raise defenses on behalf of all lot owners who were not in breach.

James Bogue is a lot owner in Diamante, and he signed an addendum to a contract for the sale of real property at the time that he purchased his lot. He sought to intervene in the foreclosure case and certify a subclass to be sued and to raise defenses to the addendum on behalf of himself and all other lot owners who signed a similar document. The intervenor wanted to be sued and to raise defenses to the addendum on behalf of lot owners who were not in breach and who were required to pay monthly golf dues.

Diamante responded that class certification was not appropriate because only seven foreclosure cases were pending regarding the lots in the subdivisions. Diamante asserted that only those seven lot owners could assert a defense that appellee had materially breached the supplemental declaration by not collecting monthly dues from each lot owner. The circuit court held a hearing on the motions on March 11, 2011. The motion for class certification and appointment of counsel was denied. The court also denied the motion for intervention and to certify a subclass. From that order, appellants bring this timely appeal.

Rule 23 provides that one or more members of a class may sue or be sued in a representative capacity only if the class is so numerous that joinder of all members is impracticable and there are questions of law or fact common to the class. Ark. R. Civ. P. 23(a). The claims or defenses of the representative parties must be typical of the claims or defenses of the class, and the representative parties and their counsel must fairly and adequately protect the interests of the class. *Baptist Health v. Hutson*, 2011 Ark. 210, 382 S.W.3d 662. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Ark. R. Civ. P. 23(b). The six requirements for class-action certification are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *See Gen. Motors Corp. v. Bryant*, 374 Ark. 38, 285 S.W.3d 634 (2008).

The determination that the class-certification criteria have been satisfied ·is a matter within the broad discretion of the trial court, and this court will not reverse the trial court's decision absent an abuse of that discretion. *ChartOne, Inc. v. Raglon*, 373 Ark. 275, 283 S.W.3d 576 (2008). In reviewing a class-certification order, this court focuses on the evidence in the record to determine whether it supports the trial court's conclusion regarding certification. *Id.* Neither the trial court nor this court shall delve into the merits of the underlying claims when deciding whether the Rule 23 requirements have been met. *Id.* In this regard, " 'a trial court may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action.' " *Bryant*, 374 Ark. at 42, 285 S.W.3d at 638 (quoting *Carquest of Hot Springs, Inc. v. Gen. Parts, Inc.*, 367 Ark. 218, 223, 238 S.W.3d 916, 920 (2006)). We view the propriety of a class action as a procedural question. *See id.*

Appellants raise several arguments for reversal; however, the issue that resolves this appeal is one regarding commonality. Rule 23(a)(2) of the Arkansas Rules of Civil Procedure requires a determination by the trial court that "there are questions of law or fact common to the class." All questions of law or fact raised in the litigation need not be common. *Id.* The test or standard for satisfaction of the commonality requirement is that there need be only a single issue common to all members of the class. *Id.* When the party opposing the class has engaged in some conduct afflicting a group that gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected. *Id.*

In *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995), where the class's main claim, which applied to every member of the class, was that Cheqnet violated the Fair Debt Collections Act by collecting $10 more than it was allowed to collect on returned checks, commonality was satisfied. In *Mega Life & Health Ins. Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997), commonality was established through four common questions concerning the applicability of insurance to the class members. Specifically, the court found that "if these issues are resolved in favor of the class, the individual members will have suffered a common injury of paying premiums for a void insurance policy." *Id.* at 271, 954 S.W.2d at 898. The commonality requirement was satisfied in *Farm Bureau Mutual Insurance Company of Arkansas, Inc. v. Farm Bureau Policy Holders & Members*, 323 Ark. 706, 918 S.W.2d 129 (1996), where the class members alleged that a statutory violation occurred when they all had to pay membership dues to the Farm Bureau Federation before insurance policies would be issued. In these cases, the conduct of the class-action antagonist, independent of any action by the class members, established a common question relating to the entire class to certify the matter as a class action.

Here, the Faigins challenge the circuit court's finding that there is a lack of commonality. Specifically, they argue that the circuit court erred by looking to the merits of the underlying action.[1] In the amended order, the circuit court found:

> The most obvious problem with the movant's contention of typicality and commonality is that the instant case is a

---

1. The Faigins also posit that the circuit court erred in redefining the class in such a manner as to deny commonality. There is not a specific finding of the circuit court that redefines the proposed class; and regarding the issue of commonality, the court clearly utilized the definition proposed by the Faigins.

foreclosure action but *the vast majority of the proposed class is not delinquent in their dues payment and have not been sued.* Thus, the court is presented with a request to add several hundred people as *defendants* to a lawsuit where is it undisputed by all parties and counsel that these people have not violated the terms of any contract and the plaintiff does not wish to sue them. These 300+ lot owners *do not have a common defense, because they are not in breach.* If there is no breach, there is no need for a defense.

What movant wishes to do in this case, is add more than 300 lot owners to this case as a class (and sub-class) so that they can assert a defense to a possible future action in the event they may at some time default on their contractual requirement to pay dues to Diamante. While the contractual language raised by the defendants regarding [sic] may be typical between the defendants and the members of the proposed class and sub-class, this significant difference between the defendants and the vast majority of the proposed class in the ripeness of their defenses clearly affects the commonality requirements. It seems counter-intuitive to this court to add 300+ individuals to a lawsuit when almost all of those individuals could be removed from the lawsuit under a 12(b)(6) motion for failure to state a claim.

(Emphasis in original.)

■ It is true that a trial court may not consider whether the proposed class will ultimately prevail, or even if there is a cause of action. *Carquest of Hot Springs, Inc. v. General Parts, Inc.,* 367 Ark. 218, 238 S.W.3d 916 (2006). Thus, the circuit court abused its discretion by basing part of its decision on the question of commonality upon the ability of the proposed class to withstand a Rule 12(b)(6) motion. How-

ever, this was not the sole basis of the circuit court's |₇ruling, and even if it had been, this court can affirm if the right result is reached even if it is for a different reason. *Brown v. Kelton,* 2011 Ark. 93, 380 S.W.3d 361.

■ In seeking class certification before the circuit court, the Faigins asserted that commonality is satisfied in this case due to Diamante's breach of its duty to collect monthly dues from all full golf members. They contended that "[a]ll of the ... defenses alleged .... to [Diamante's] claims in this cause are common to all members of the proposed class." They also argued that "the supplemental declarations and the claims of right by [Diamante] affects not only all of their lots and homes but them individually, whether they are paying dues or not, in land values and their inability to sell their lots and homes at any fair price due to the same burdens of the supplemental declarations which [Diamante] is asserting against [the Faigins]."

We disagree that commonality is satisfied here. Diamante filed a complaint in foreclosure to enforce its lien on the Faigins' property. The record reveals that there are only seven lot owners who are in foreclosure. Thus, the Faigins' defenses to the complaint are not common to the overwhelming majority of the proposed class. The fact that other lot owners in the subdivisions might share one or more concerns with the Faigins is not the same as sharing an element in the underlying cause of action. The procedural posture of this case requires that the members of the proposed class share a common defense to the complaint in foreclosure but, as the circuit court found, they do not.

Because commonality is lacking in this case, we affirm the amended order of the circuit court denying class certification. Moreover, as Rule 23 requires that all six

elements be present before class certification is appropriate, and at least one element is lacking here, we need not address the additional arguments raised by the Faigins and Bodge because any opinion we could offer would only be advisory. We do not issue advisory opinions. *Bakalekos v. Furlow,* 2011 Ark. 505, 385 S.W.3d 810.

Affirmed.