Special Justice Paul Byrd dissenting. This case is an example of what is happening around the country from the United States Supreme Court’s rulings on the enforcement of arbitration agreements under federal law. Courts everywhere are trying to reason through the legal morass of class action law when confronted with arbitration agreements. This issue will not go away any time in the near future unless and until Congress makes changes to the forced arbitration requirements. In the instant case, there are approximately 450 purchasers of land on a golf course whose original contracts did not contain an arbitration clause but had a provision that the purchasers would be subject to by-laws of the golf course even as amended in the future. | sAfter the original purchase agreement, the by-laws were amended to contain an arbitration clause. The underlying lawsuit is for the most part a declaratory judgment action to declare whether the appellants can enforce the contractual tie-in rights under the original purchase agreements. There have been at least three appeals in this matter and more to come because of the arbitration issues interacting in the class action realm. Since the Arkansas Rules of Appellate procedure require that a motion to compel arbitration allows an interlocutory appeal, this case was appealed to the Arkansas Court of Appeals when the trial court denied a motion to require the individual class representatives to arbitrate their claims. Diamante, LLC v. Dye, 2018 Ark.App. 680, 430 S.W.3d 196. Further, since the Arkansas Rules allow an interlocútory appeal when a class action is certified, there was an additional appeal in this matter to the Arkansas Supreme Court where this court affirmed that the class certification should stand. Diamante, LLC v. Dye, 2013 Ark. 501, 430 S.W.3d 710. Now, under the argument that the arbitration agreements could not be enforced against the unnamed class representatives until the class action was certified, the Appellant moved the trial court to compel arbitration for the unnamed class members .and has again appealed this case for the third time since.an interlocutory appeal is allowed for a denial of a motion to compel arbitration. The bottom line in this case is this — if the Appellant obtains the relief that it desires on the motion to compel arbitration of the unnamed class members, all of the class members | mother than the class representatives will be required to arbitrate and there will be no class action even though it has already been certified as a class action. In fact, the Appellant has requested below in its Motion , to Compel Arbitration against the unnamed class members that the trial court rule that even the arbitration cannot be handled as a class arbitration. The practical effect of this appeal is that the Appellant is obtaining a second chance to challenge the typicality of the class representatives, and the superiority of the class. The issue of whether the class representatives would not be typical of the rest of'the class members if the class representatives were no longer required to be bound to arbitrate could have been raised at the class certification proceedings. Both issues, typicality and superiority, have not only already been dealt with at the class certification phase but in fact under Rule 23 these issues must be dealt with, at the class certification proceeding. One of the main policy reasons for class actions is that “[m]any courts have held that class actions are superior to a potential flood of duplicative individual lawsuits on efficiency ground.” Newberg on Class Actions, Sec. 4:67 (5th ed.) ■■ One of the prime objectives of arbitration is to achieve “streamlined proceedings and expeditious results.” Mitsubishi Motors Corp. v. Soler Chrysler — Plymouth, Inc., 473 U.S. 614, 633, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); see also Allied-Bruce Terminix Cos., 513 U.S. at 278, 115 S.Ct. 834; Southland Corp., 465 U.S. at 7, 104 S.Ct. 852. Arbitrations for the 450 individual land owners is not as streamlined nor expeditious as a class. action which has already been certified. Three to four appeals on a case is not streamlined nor expeditious. I would affirm the Intrial court as the issues on whether a class action is the most efficient i&nner (i.e. superiority) • and whether the class representatives claims are typical of the class' members as these issues have already been appealed and affirmed.