Robin F. Wynne, Justice, dissenting. Because there is no material difference between this appeal and its companion, Arkansas Department of Veterans Affairs v. Okeke, 2015 Ark. 275, 466 S.W.3d 399, issued June 18, 2015, and because the ADVA, has not preserved the only ground upon which the majority distinguishes Ok-eke and reverses the circuit court’s decision, I would affirm the class certification in this case as well. Accordingly, I respectfully dissent. Earlier this year, this court' upheld the certification of a' class action against the ADVA. The allegations in that case, as in the instant case, were that the ADVA had unlawfully withhéld overtime pay from its employees as a result of its policy to automatically deduct time for "a meal break from its employees’ time. The plaintiffs in that case, as here, alleged that the ADVA understaffed its facilities, requiring its employees to frequently work through their lunch breaks to complete their tasks; and thus, as a result of thé automatic-deduction policy, the employees were working overtime without receiving compensation. We noted, “While |init may be true that áuto-matic deductions for meal breaks are not per se unlawful, it does not necessarily follow that they'are per se lawful.” Arkansas Dep’t of Veterans Affairs v. Okeke, 2015 Ark. 275, at 8, 466 S.W.3d 399, 404. Accordingly, we held that the issue of the reasonableness of ADVA’s automatic deduction policy and any corresponding policy for reclaiming time was an overarching issue common to all class members and that it predominated over other issues. In its opinion today, the majority states that “the mere existence of a - policy of making automatic deductions for scheduled meal breaks does nqt,. in and of itself, violate AMWA” This statement — a new holding regarding the law in Arkansas — is in contravention of this court’s refusal to address in Okeke whether automatic deductions for meal breaks are á violation of the law. Reaching this point of substantive law is both unnecessary and in violation of the long-established rule that we do not reach the merits of a claim in deciding an appeal regarding class certification. This court has stated that neither the circuit court nor this court shall delve into the merits of the underlying claims when deciding whether the Rule 23 requirements have been met. Ark. Media, LLC v. Bobbitt, 2010 Ark. 76, at 6, 360 S.W.3d 129, 134. A circuit court may not consider whether the plaintiffs will ultimately prevail or even whether they have a cause of action. Id. We, thus, view the propriety of a class action as a procedural question. Id. Therefore, the majority errs-in reaching (indeed, simply accepting without any analysis) ADVA’s argument on this point. The majority attempts to distinguish Okeke on the ground that the nursing staff in that case had substantially similar job duties while the nonnursing hourly employees in the present Incase held different job titles with different duties. The majority’s holding on this point suffers numerous infirmities. First, this issue was not developed before the circuit court and accordingly it is not preserved for our review. The only reference to this argument before the circuit court is one phrase in one sentence in the introduction of the ADVA’s brief in opposition to class certification in which the ADVA argues that the plaintiffs cannot satisfy the applicable legal standard “given thé varied job titles, job responsibilities and physical working locations of the individuals whom Plaintiffs seek to represent.” The remainder of the brief wholly fails to develop this argument, providing no argument or citation to legal authority on why the varied job titles and responsibilities is relevant or conclusive as to any of the criteria for class certification,[1] and the circuit court did not rule on the issue in its order. |12It is well settled that this court will not address an argument on appeal if it has not been argued before the circuit judge or if a party fails to obtain a ruling from that judge. Simpson Hous. Solutions, LLC v. Hernandez, 2009 Ark. 480, 347 S.W.3d 1, 14. In Simpson, this court refused to address the appellant’s argument that the enactment of a statute precluded certification of a class where the appellant had not developed the issue before the circuit court. Notably, in that case, the appellant had discussed the statute in its argument before the circuit court, but it had failed to fully develop the argument it sought to raise on appeal. Similarly, in this case, the fact that ADVA mentioned once in its brief that the potential class members had “varied job titles, job responsibilities, and physical working conditions” does not preserve its expanded argument on appeal. Second, although the ADVA raises this challenge on appeal as one to predominance, a cursory review of their brief illustrates that their actual challenge is to the typicality of the class members, an issue which was also not raised before the circuit court. Under our case law, typicality requires that a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class so that the plaintiffs claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members and may be redressed by pursuing the same, legal theory. Campbell v. Asbury Auto., Inc., 2011 Ark. 157, 381 S.W.3d 21. We have held that the essence of the typicality requirement is the conduct 11sof the defendants and not the varying fact patterns and degree of injury or damage to individual class members. Diamante, LLC v. Dye, 2013 Ark. 501, 15, 430 S.W.3d 710, 721. In this case, it is clear that ADVA’s challenge on appeal is actually one to the typicality-of the class representatives. For example, the ADVA argues in its brief that Ms. Mallet’s affidavit is insufficient because it does not explain “how her job duties as a Human Resource Specialist make her representative of other class members with different job titles and job duties. The ADVA goes on to argue, “While her experiences may be representative of [one other Human Resource Specialist], .there is no evidence that she is representative of the housekeepers, cooks, or maintenance workers (for example) who are included in the class.” Later, ADVA argues that two other class representatives “fail to explain how they are similarly situated to any other class members.... ” Clearly, ADVA’s true argument on appeal is that the claims of the class representatives are not typical of those of the class, an argument which was- not raised to the circuit court at all. Accordingly, the majority errs in reversing the’circuit court on this point. Finally, the majority’s determination that the instant case differs from Okeke because the nursing staff in that case had substantially similar job duties while the nonnursing hourly employees in the present case have different job titles with different duties is a distinction without a difference. All hourly employees — nursing staff, food-preparation staff, security guards, etc. — were subjected to the same automatie-meal-deduction policy. If certification of the class in Okeke was not an abuse of the trial court’s discretion, certification of the class in this case was also not an abuse of discretion. The crux of the appellees’ complaints in both |14cases is that ADVA understaffed its facilities, and when employees were required to work through their automatically deducted meal breaks, ADVA failed to compensate them for all overtime hours th'at they worked. Thus, just as in Okeke, the predominant issue common to all class members in this ease is whether the automatic deduction policy of the ADVA is reasonable and whether ADVA has a reasonable reclamation policy for claiming overtime accrued as a result of missed meal breaks. As the majority does not overturn our decision in Okeke,. the doctrine of stare decisis mandates that we hold that the circuit court did not abuse its discretion in certifying the class under any of the challenged Rule 23 factors — commonality, predominance, and superiority. For the above reasons, I respectfully-dissent. Danielson and Goodson, JJ., join. . Rather than developing its argument regarding the varied job titles and responsibilities of the proposed class, the ADVA repeatedly stated that the “highly individualized” issues that defeated class certification were: •' Which employees missed a meal break because of work obligations? • Which employees were not compensated for having a missed meal break? • How often did each particular employee work through her meal breaks without getting compensated? • Did the employee fill out a comp sheet, make a notation on her weekly time sheet, or otherwise apprise her employer of the situation? If not, why not? • Did the employees know about the procedure in which employees are supposed to complete comp sheets to receive credit for working overtime? • Were comp sheets available for the employee to complete and submit? • Did a supervisor consider .the employee’s request to get compensated with regard to a particular missed meal bréale? Did the supervisor accept or reject the request? • Did a supervisor prevent or discourage the employee from completing a comp sheet or otherwise recording her overtime work? • Did a supervisor even know about the missed meal break or the fact that it went uncompensated? • Did the employee otherwise physically work more than 40 hours in the particular workweek, or is -the "missed meal” claim one for straight-time compensation that is not cognizable under the Arkansas Minimum Wage Act? • How many hours, ab’ove 40, did the employee physically work in a given week in which the employee claims to have been improperly compensated? Importantly, the ADVA advanced similar or identical issues in Okeke as defeating class certification. We disagreed, holding that these issues went to damages rather than liability.